UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASMIN V., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 19-5066-JLR-MLP <br><br> REPORT AND RECOMMENDATION |

## I.  INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by finding his ankle impairment to be nonsevere at step two, and in discounting the opinions of Harold Lee, M.D. (Dkt. # 11.) As discussed below, the Court RECOMMENDS that the Commissioner's final decision be AFFIRMED and this matter DISMISSED with prejudice.

## II.  BACKGROUND

Plaintiff was born in 1967 and has a college education. AR at 203. Plaintiff previously worked as a police officer in Bosnia/Herzogovina, and as a home health care provider, human services counselor, and patient transporter in the United States. *Id*. at 202-03, 239. He was last gainfully employed in 2010. *Id*.

REPORT AND RECOMMENDATION - 1

In December 2014, Plaintiff applied for benefits, alleging disability as of March 31, 2010. AR at 66, 183-84. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 103-10, 113-27. After the ALJ conducted a hearing on April 21, 2017 (*id*. at 37-64), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 17-29.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

Step two: Plaintiff's obesity, residual groin pain status post hernia repair and right orchiectomy, chronic obstructive pulmonary disease, coronary artery disease status post heart bypass surgery, hypertension, and lumbar degenerative disc disease and compression deformities are severe impairments.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Plaintiff can perform light work with additional limitations: he can lift/carry/push/pull 20 pounds occasionally and 10 pounds frequently. He can sit up to six hours in an eight-hour workday, and stand and walk six hours total in an eight-hour workday. He is limited to occasional climbing of ladders and scaffolds, and crawling. He can perform other postural activities on a frequent basis. He cannot work around hazards such as unprotected heights and heavy operating machinery, and cannot operate a motor vehicle. He needs to avoid concentrated exposure to humidity and wetness, extreme cold and extreme heat, and would not be able to work around machinery causing vibrations.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 17-29.

//

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

REPORT AND RECOMMENDATION - 2

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court.

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

#### IV.  DISCUSSION

**A.  The ALJ Did Not Harmfully Err in Discounting Dr. Lee's Opinions**

The record contains notes describing Plaintiff's 14 visits to Dr. Lee between May 2016 and March 2017, for evaluation related to his worker's compensation claim. AR at 999-1038. Dr. Lee wrote narrative descriptions of each appointment, and also completed nine worker's compensation forms setting out Plaintiff's workplace restrictions, indicating that Plaintiff could not work because he could seldom or only occasionally sit or stand/walk, and could not lift more than 10 pounds occasionally. *Id*. at 1003, 1008, 1015, 1021-22, 1029, 1032, 1035, 1038. The ALJ gave little weight to the restriction forms, finding them (1) unsupported by the treatment notes, (2) inconsistent with other evidence in the record showing that Plaintiff's chronic pain was due to his opioid use disorder rather than medical conditions, (3) inconsistent with routine and conservative treatment for Plaintiff's groin pain since his testicle was removed in 2010, and (4) inconsistent with evidence showing Plaitniff did not have "any persistent difficulty with ambulation from [his ankle sprain] or his other physical impairments." *Id*. at 26-27. Plaintiff argues that none of these reasons is legally sufficient, and the Court will address each in turn.

*1.   Legal Standards*

In general, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and

convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

          2.      *Unsupported by Treatment Notes*

Plaintiff contends that the ALJ erred in finding Dr. Lee's forms to be unsupported by treatment notes, because the record contains treatment notes that correspond to every form. (Dkt. # 11 at 8.) Plaintiff calls the Court's attention to Dr. Lee's findings regarding strength and range-of-motion testing, reflex testing, descriptions of tenderness, and swelling. (*Id.* at 8-9.) Plaintiff contends that the ALJ did not explain why these objective findings do not corroborate Dr. Lee's forms. (*Id.* at 9.)

Plaintiff does not acknowledge the full extent of the ALJ's decision, however. The ALJ did not dispute that Dr. Lee's treatment notes include *some* objective findings, but the ALJ emphasized that Dr. Lee "did not report observing difficulties with ambulation, weakness in the extremities, signs of distress from chronic pain, or other clinical signs consistent with extreme limitations[.]" AR at 26. This is a reasonable reading of Dr. Lee's treatment notes: he did document some abnormalities, but nothing consistent with the significant sitting, standing, walking, and lifting restrictions indicated on the forms. *Id.* at 999-1038.

1    Plaintiff contends that Dr. Lee, as the treating physician, was in a better position than the
2    ALJ to translate Plaintiff's clinical abnormalities into concrete restrictions (dkt. # 13 at 2-3), but
3    treating physicians do not always corroborate their opinions with supportive treatment notes. *See,*
4    *e.g.*, *Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (a treating
5    physician's opinions may be discounted when it is "in the form of a checklist, did not have
6    supportive objective evidence, was contradicted by other statements and assessments of [the
7    claimant's condition], and was based on [the claimant's] subjective descriptions of pain[,]" as
8    well as when that opinion is "conclusory, brief, and unsupported by the record as a whole . . . or
9    by objective medical findings"); *Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion
10   of any physician, including a treating physician, if that opinion is brief, conclusory, and
11   inadequately supported by clinical findings."); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.
12   2001) (affirming the ALJ's rejection of a medical opinion where "the ALJ noted that some of
13   [the treating physician's] recommendations were so extreme as to be implausible and were not
14   supported by any findings made by any doctor, including [the treating physician]").

15   Furthermore, as explained *infra*, the ALJ had the benefit of reviewing the entire record,
16   rather than only Dr. Lee's treatment notes, and thus was in a position to consider whether Dr.
17   Lee's opinions were consistent with the longitudinal record. Because the ALJ's first reason to
18   discount Dr. Lee's opinion is based on a reasonable reading of the record, it is a valid reason to
19   discount the restrictions in Dr. Lee's forms.

20           3.    *Chronic Pain Caused by Opioid Addiction*

21   Plaintiff does not dispute that the record contains evidence of his drug-seeking behavior,
22   but contends that this issue was resolved before he began treatment with Dr. Lee and Dr. Lee's
23   notes do not suggest any hint of drug-seeking behavior. (Dkt. # 11 at 9-10.) Plaintiff also

1  emphasizes that Dr. Lee did not prescribe any medications (dkt. # 11 at 10). This is not accurate.
2  On February 2017, Dr. Lee noted that Plaintiff had been taking Tramadol and then Dr. Lee
3  prescribed more Tramadol. (AR at 1033.) Tramadol is a drug that had raised prior providers'
4  concerns about Plaintiff's addiction, overuse, and/or drug-seeking behavior. *See, e.g.*, *id*. at 272-
5  73, 701-02, 711, 1054, 1077, 1088-89.

6  In any event, Plaintiff admits that his drug-seeking behavior *would* be a valid reason to
7  discount an opinion based on a report of pain, but is not a valid reason to discount Dr. Lee's
8  opinions because they were based on objective findings. (Dkt. # 13 at 3.) This argument is not
9  corroborated by Dr. Lee's treatment notes, which repeatedly reference Plaintiff's self-reported
10 pain. AR at 999 (mentioning groin pain as the reason Plaintiff cannot stay in one position, as
11 well as reports of pelvic and perineal pain), 1001 (groin pain), 1005 ("significant pain" causing
12 "difficulty of long sitting and long standing or walking"), 1011 (groin pain), 1013 ("right groin
13 pain continues to be worsened"), 1016-17 (groin pain), 1019 ( "very significant" pain related to
14 his herniorrhaphy surgeries), 1023 (ankle and groin pain), 1025 (groin pain), 1027 (ankle and
15 groin pain), 1030 (ankle and groin pain), 1036 (ankle and groin pain). Because Dr. Lee
16 documented repeated pain complaints and cited those as a basis for Plaintiff's restrictions, the
17 ALJ did not err in discounting Dr. Lee's opinions in light of Plaintiff's admitted drug-seeking
18 behavior. *See Edlund v. Massanari*, 253 F.3d 1152, 1157-58 (9th Cir. 2001).

19              *4.     Groin Pain Treatment*

20 The ALJ discounted Dr. Lee's opinions as inconsistent with Plaintiff's routine,
21 conservative treatment for groin pain after his 2010 testicle removal. AR at 24, 26-27. Plaintiff
22 contends that his course of treatment cannot fairly be called "conservative" because no more
23 aggressive treatment was available. (Dkt. # 11 at 10 (citing AR at 253, 1025-26).) The

1  Commissioner does not specifically defend this line of reasoning, and the Court finds that it is
2  not based on substantial evidence in the record, in light of the evidence that Plaintiff had no
3  treatment options available. This error is harmless in light of the other valid reasons to discount
4  Dr. Lee's opinions, however. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155,
5  1162-63 (9th Cir. 2008).

          5.      *Difficulty With Ambulation*

7  Dr. Lee indicated that Plaintiff would be able to stand/walk on a seldom or occasional
8  basis, but the ALJ found that this conclusion was not supported by evidence in the record that
9  any of Plaintiff's conditions (including the ankle sprain found non-severe at step two) caused
10 persistent difficulty with ambulation. AR at 27.

11 Plaintiff challenges the ALJ's finding that the ankle sprain was not severe based on
12 duration, and argues that Dr. Lee's opinion was based on groin pain as well as the ankle
13 condition. (Dkt. # 11 at 10-11.) Both of those arguments may be true, but they do not address the
14 crux of the ALJ's argument: that the record does not contain evidence that Plaintiff was observed
15 to have persistent difficulty with ambulation from *any condition*. AR at 27. Plaintiff points to no
16 such evidentiary support, and the Court is not aware of any. Instead, the record is replete with
17 notations indicating that Plaintiff is ambulating without difficulty. *See, e.g.*, *id*. at 264
18 ("ambulatory"), 312 ("normal" gait), 334 ("normal" gait), 263 (normal gait), 368 ("ambulatory"),
19 387 ("ambulatory"), 394 ("ambulatory"), 402 ("ambulatory"), 516 (improvement with physical
20 therapy), 597 ("normal" gait), 609 ("normal" gait), 630 (Plaintiff describes an ability to "walk
21 across parking lots and go to the store"), 641 (Plaintiff "walk[s] his dog occasionally"), 948
22 ("normal" gait), 950 (gait within normal limits), 953 (normal gait and station), 967 (normal gait
23 and station), 1075 (Plaintiff reports he "loves to walk"), 1076 (gait normal), 1078 (Plaintiff

1  "ambulated with little pain"), 1085 (Plaintiff can "walk on toes, heels without pain/weakness"),
2  1092 ("ambulatory"). Plaintiff was observed on at least one occasion using a cane for ambulation
3  (*id*. at 1106), by a provider who also noted his drug-seeking behavior, but the record does not
4  document an ongoing need for an assistive device. *See, e.g.*, *id*. at 1095-1106. The record amply
5  supports the ALJ's reasoning, which is a specific, legitimate reason to discount Dr. Lee's opinion
6  that Plaintiff had severe restrictions as to standing/walking. *See Tommasetti v. Astrue*, 533 F.3d
7  1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between
8  the opinion and the medical record).

9  Because the ALJ provided multiple specific, legitimate reasons to discount Dr. Lee's
10 opinions, the ALJ's assessment should be affirmed.

11 **B.  Any Step Two Error is Harmless**

12 At step two, a claimant must make a threshold showing that her medically determinable
13 impairments significantly limit her ability to perform basic work activities. *See Bowen v.*
14 *Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment must
15 satisfy the 12-month durational requirement in order to be considered severe. *See* 20 C.F.R. §§
16 404.1505, 1509 (to meet definition of disability, claimant must have a severe impairment
17 preventing work; impairment must have lasted or be expected to last at least 12 months).

18 In this case, Plaintiff argues that the ALJ erred in finding that his ankle condition was
19 medically determinable, but did not satisfy the durational requirement and was therefore not
20 severe. *See* AR at 20. But even assuming the treatment notes do show that Plaintiff's ankle
21 condition persisted for at least 12 months, any error in the ALJ's step-two findings is harmless
22 because the ALJ proceeded beyond step two. *See Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th
23 Cir. 2017) ("[S]tep two was decided in [plaintiff's] favor after both hearings. He could not

possibly have been prejudiced. Any alleged error is therefore harmless and cannot be the basis for a remand.").

Plaintiff argues in the Reply that the step-two error was not harmless because the ALJ referenced the non-severity of the ankle condition as a reason to discount Dr. Lee's opinions. (Dkt. # 13 at 2.) The ALJ did reference the step-two findings, but for the purpose of emphasizing that Dr. Lee's opinion was inconsistent with the lack of evidence showing that Plaintiff had any "persistent difficulty with ambulation from [the ankle condition] or his other physical impairments." AR at 27. The ALJ thus considered the limitations caused by the ankle impairment, as he was obligated to do. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *2 (Jul. 2, 1996) (indicating that an ALJ must consider all of the limitations and restrictions attributable to the claimant's medically determinable impairments when assessing RFC). Plaintiff has not shown how the ALJ's consideration of the record would have been different if he had found the ankle impairment to be severe, and thus Plaintiff has not met his burden to show harmful legal error at step two.

## V.     CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that the Commissioner's final decision be AFFIRMED and this case **DISMISSED** with prejudice.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **fourteen (14)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed nine pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days

1  after service and filing of objections. If no timely objections are filed, the matter will be ready

2  for consideration by the District Judge on the date that objections were due.

3      Dated this 31st day of July, 2019.

 

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11